JANVIER, Judge.
The testamentary executrix moves to dismiss this suspensive appeal of the collector of inheritance taxes for the Parish of Orleans, the appeal being from a judgment of the Civil District Court for the Parish of Orleans under which the said collector was ordered to accept the principal amount of inheritance taxes without the imposition of interest.
The contention of the executrix is that the collector failed to appeal from the proper judgment which granted to her the right to pay the tax without interest and that the order granting the appeal which he did take is null and void since the judgment from which that appeal was taken was merely corroborative of the first judgment from which he did not appeal and under which the Court had decided that no interest would be due if the tax should be paid within the time fixed in that first judgment.
At first glance the matter might seem confusing but a study of the record makes the situation clear. The decedent died on February 25, 1957, leaving an estate on which the principal amount of inheritance tax due was $1,712.70. It is important to note that there has never been any dispute as to the principal amount. For the reasons which are no longer of importance the executrix did not pay the tax within the time provided by LSA-R.S. 47:2420 and the collector claimed that interest amounting to $1,345.90 was due in accordance with provisions of that same section of the revised statutes.
The executrix, relying on the provisions of an amendment to that section of the revised statutes maintains that there was legal justification for the delay and that accordingly no interest was or is due. This amendment results from Act 21 of 1952 which reads as follows: “Provided further that in all cases in which reasonable cause therefor is established to the satisfaction of the district judge having jurisdiction of the succession, an extension of time may be grant *660 ed upon application of the executor, administrator, heir or universal legatee of such decedent within which inheritance taxes hereunder may be fixed and paid, without interest or penalty.”
On January 30, 1961, the executrix by rule nisi called upon the collector to show cause why the time for the payment of the tax without penalty or interest should not be extended to February 17, 1961. That rule was made absolute and on that day, February 17, 1961, the District Court rendered a judgment extending to February 24, 1961, the time within which the tax might be paid without penalty or interest.
The only matter in controversy was whether or not there was justification for the granting of that delay. As already stated the principal amount of the tax was in no way in dispute.
This judgment of February 17, 1961, was decisive of the only question which was presented, i. e., was there sufficient cause to justify the delay in the payment of the tax? Accordingly, when on February 17, 1961, there was a judgment granting to the executrix an extension of time within which to pay the principal without penalty or interest that was a definitive and final judgment on that question. Accordingly, that judgment was appealable; LSA-Code of Civil Procedure, Articles 2083, 1841, 1842. Article 1841 provides, “A judgment that determines the merits in whole or in part is a final judgment.”
On February 24, 1961, which in the judgment of February 17, was within the time granted for the payment of the tax without interest, the executrix presented a motion which was merely confirmatory of the judgment of February 17, and on that motion obtained an order on the collector to accept the principal amount of the tax without penalty or interest. This order concluded with the following words: “In accordance with judgment herein of February 17, 1961.” The collector of inheritance taxes accepted service of the rule and receipted for taxes amounting to $1,712.70 and the attorney for the collector also signed a statement on that document showing that the amount of taxes paid was $1,712.70 and, immediately after that statement, wrote the words “Appeal to be taken.” It is our opinion that since the judgment of February 17, 1961, finally and fully disposed of the only issue in controversy; the judgment rendered on February 24, was merely a pro forma and customary closing of the matter and did not settle any issue since the entire issue had already been settled on February 17, 1961. The appeal from the judgment of February 24, 1961, is consequently null and void and is therefore dismissed.
Appeal dismissed.